**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 24-3243

———————————

UNITED STATES OF AMERICA

v.

C.R. KRAUS a/k/a Christopher Kraus,
Appellant

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cr-00233-001)
District Judge: Hon. Zahid N. Quraishi

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 31, 2025

Before: BIBAS, SCIRICA, and SMITH, *Circuit Judges*

(Filed: October 31, 2025)

———————————

OPINION*

———————————

BIBAS, *Circuit Judge*.

Just because two witnesses recall events differently does not mean that either is lying—

let alone that the prosecution should know it. Harry Pizutelli managed New Jersey's fund

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

to help people with traumatic brain injuries. He fell in love with Maritza Flores, who worked at a massage parlor. Then C.R. Kraus started blackmailing him, claiming that a loan shark was threatening Flores. So Pizutelli made up fake invoices stating that Kraus had built ramps, elevators, and the like for beneficiaries of the fund, as well as fake statements for construction-related expenses. Over a decade the fund issued, and Kraus cashed, checks totaling more than $3 million. Kraus shared the proceeds with Flores.

The government sniffed out the scheme. Then it charged Kraus with healthcare fraud, conspiracy to commit the same, and tax evasion. Pizutelli and Flores cooperated with the government and testified against Kraus at trial. Kraus testified in his own defense that Pizutelli had legitimately hired him to cash the checks and return the money to Pizutelli via Flores. And in closing, Kraus's counsel tried to discredit both Pizutelli and Flores by pointing out the discrepancies between their testimonies. Because Pizutelli claimed he had not taken a cut of the money despite Flores's testimony that all three had split the proceeds, Kraus's lawyer argued that the jury could not believe either of them. Even so, the jury swiftly convicted on all counts.

After that, Kraus moved for a new trial, arguing for the first time that the prosecution had knowingly used false testimony to convict him. Rejecting that claim, Judge Quraishi denied his motion, finding that the inconsistencies did not show perjury or that the government should have known about it. Kraus now raises the same claim on appeal. Because he never raised it at trial, we review only for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732–35 (1993).

Prosecutors may not knowingly or negligently use willfully false testimony or leave it uncorrected. *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008). But testimony that is merely confused, mistaken, or misremembered is not enough to invalidate a conviction. *Id.* Judge Quraishi found that neither witness had committed perjury; each had relayed what he or she remembered. Even if one of them had lied, the judge also found, there was no evidence that the government knew or should have known of any lies.

In response, Kraus again points to the two witnesses' disagreement about whether Pizutelli had gotten a cut of the money. But the scheme spanned more than a decade, and the witnesses may have remembered old events differently. Plus, the government had no reason to know that either was lying as opposed to mistaken, let alone which one was wrong. And Kraus cannot show prejudice. At trial, his lawyer highlighted the discrepancies to discredit each witness, but the jury convicted anyway. Because there was no error, let alone plain error, we will affirm.